**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVELYN COBB, ) | |
| ) | No. 11 CV 8847 |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Young B. Kim |
| ) | |
| CAROLYN COLVIN, Acting ) | |
| Commissioner, Social Security ) | |
| Administration,[1] ) | |
| ) | April 25, 2013 |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Before the court is Plaintiff Evelyn Cobb's motion for fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(a),(d). Cobb argues that she is entitled to $9,361.01 in fees and $13.70 in costs as a "prevailing party" under the EAJA. For the following reasons, Cobb's motion for fees is granted:

**Background**

In January 2009, Cobb applied for disability insurance benefits and supplemental social security income pursuant to 42 U.S.C. § 423(d)(2) and § 1382c(a), alleging that she became disabled on October 8, 2008, as a result of degenerative arthritis. (Administrative Record ("A.R.") 32-35.) After the Commissioner denied her application initially and then again on reconsideration, (id. at 37-43), Cobb requested and received a hearing before an administrative law

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin—who became the Acting Commissioner of Social Security on February 14, 2013—is automatically substituted as the named defendant.

judge ("ALJ"), (id. at 49-53). The ALJ conducted a hearing and issued a decision finding that Cobb is not disabled. (Id. at 13-20.) The Appeals Council denied Cobb's request for review, (id. at 1-3), thus making the ALJ's decision the final decision of the Commissioner, *see Shauger v. Astrue*, 675 F.3d 690, 695 (7th Cir. 2012). Cobb initiated this civil action for review of the Commissioner's final decision, and the parties subsequently consented to the jurisdiction of this court. (R. 8, 9.)

On December 6, 2012, this court granted Cobb's motion for summary judgment and remanded the case for further proceedings. (R. 25.) As a "prevailing party," Cobb now seeks an award of $9,361.01 in fees and $13.70 in costs under the EAJA.[2] This requested award includes an hourly attorney rate of $184.75. The Commissioner does not contest Cobb's entitlement to recover fees or costs, the number of hours billed, or the rate of the legal assistant. She only takes issue with the hourly attorney rate of $184.75 Cobb seeks in her motion.

## Analysis

Pursuant to the EAJA, an award of attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *Bias v. Astrue*, No. 11 CV 2247, 2013 WL 615804, at *1

---

[2] Cobb originally sought $9,120.83 in fees and $13.01 in costs. In her reply brief, she requests an additional $240.18 in fees, representing an additional 1.3 hours of work on the reply brief, for a new total of $9,361.01 in fees and $13.01 in costs. (R. 31, Pl.'s Reply at 3.)

(N.D. Ill. Feb. 15, 2013). In 2008, the Seventh Circuit recognized that "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted." *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008). The EAJA does not automatically entitle an attorney to a cost-of-living adjustment, however, and no such entitlement is presumed, despite the fact that the $125 cap rate was set more than 17 years ago in March 1996. *Mathews–Sheets v. Astrue,* 653 F.3d 560, 563 (7th Cir. 2011). As the Seventh Circuit explained in *Mathews-Sheets,* "[i]nflation affects different markets, and different costs in the same market, in different ways," such that a lawyer seeking an adjustment because of an increase in the cost of living must show that "inflation has increased the cost of providing adequate legal service to the person seeking relief against the government." *Id.* at 563. However, "[t]he *Mathews–Sheets* court did not describe any particular method or manner by which a lawyer might demonstrate that inflation has increased the cost of legal services to persons seeking redress against the government." *Shipley v. Astrue,* No. 10 CV 1311, 2012 WL 1898867, at *3 (S.D. Ill. May 23, 2012). This absence of guidance has led to numerous interpretations of what a litigant must prove when seeking a cost-of-living increase under the EAJA.

In *Mireles v. Astrue*, No. 10 CV 6947, 2012 WL 4853065 (N.D. Ill. Oct. 11, 2012), the district court evaluated *Mathews-Sheets* within the same context as presented in this case and determined as follows:

> *Mathews–Sheets* is best read to require a litigant seeking a cost of living increase under the EAJA to establish two things: (1) that the

3

cost of living in the region has indeed increased to the degree of his requested adjustment, and (2) that his attorney's costs of providing legal services have increased in a manner that tends to show that inflation has indeed raised those costs. Both showings are necessary because general inflation might not raise the particular costs of running a law office, while a particular attorney's increased costs might be attributable to factors other than inflation, such as the attorney's decision to move to a nicer office or to buy more expensive office supplies.

*Id*. at *3. Other courts in this district have arrived at similar conclusions. *See Dewolf v. Astrue*, No. 11 CV 2043, 2012 WL 3260420, at *2-3 (N.D. Ill. Aug. 8, 2012); *Claiborne ex rel. L.D. v. Astrue*, 877 F. Supp.2d 622, 626-28 (N.D. Ill. 2012).

This court adopts the reasoning set forth in *Mirales* and likewise adheres to the two-part analysis detailed above. Accordingly, with this framework in mind, the court turns first to the Commissioner's argument that Cobb provided the wrong cost of living index to prove that the cost of living in this region has increased to the extent of the requested adjustment. Cobb supports the requested hourly attorney rate of $184.75 by attaching cost of living calculations based upon the "all items" portion of the Consumer Price Index – All Urban Consumers ("national CPI"). (R. 27, Pl.'s Mot., Attach. 1.) The Commissioner argues that Cobb should have used the regional Midwest-Urban CPI ("regional CPI") for April 2012 when calculating her attorney fees. (R. 30, Govt.'s Resp. at 3-4.) Pursuant to the regional CPI, the Commissioner argues, Cobb's attorney is only entitled to a billable rate of $177 per hour. (Id.) Cobb argues in her reply that courts in this circuit use both the national and regional CPIs without a clear preference for one or the other, such that it is

appropriate to use the national CPI in arriving at the $184.75 hourly rate. (R. 31, Pl.'s Reply at 2.)

This court agrees that Cobb may use the national CPI to show that the cost of living in this region has indeed increased to the degree of the requested adjustment. *See Bias*, 2013 WL 615804, at *2 (approving fee calculation of $181.25 per hour based on the CPI-U "all items" index); *Hamrick v. Astrue*, No. 09 CV 179, 2010 WL 3862464, at *3 (N.D. Ind. Sept. 27, 2010) ("It appears that district courts in the Seventh Circuit have permitted the use of either the national or regional index, provided that plaintiff's counsel justifies the increased rate he seeks."); *Seebron v. Astrue*, No. 11 CV 1078, 2012 WL 1985681, at *4 (N.D. Ill. June. 4, 2012) (approving the use of the national CPI over the regional CPI). As such, the requested hourly rate of $184.75 is supported by the cost of living calculations set forth in the national CPI and in Cobb's itemization of time. Furthermore, even though the Commissioner does not question the number of hours billed, the court finds that the number of hours billed in this case (50 attorney hours and 1.3 legal assistant hours) is reasonable. *See Schulten v. Astrue,* No. 08 CV 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (noting that 40-60 hours for EAJA fee cases is within permissible range).

Second, the Commissioner argues that Cobb failed to produce evidence indicating that inflation has increased the cost of her attorney's legal services. The Commissioner contends that Cobb failed to show that the requested rate of $184.75

5

is comparable to attorneys in the community of commensurate skill, expertise and reputation. (R. 30, Govt.'s Resp. at 3-4.) Presumably, although the Commissioner does not expressly state as much, she is suggesting that Cobb's request for fees should be limited to the $125 per hour cap as set forth in *Mathews-Sheets*. This court disagrees. To satisfy *Mathews-Sheets's* directive for additional information proving that inflation has increased the claimant's attorney fees (as opposed to fee increases caused, for instance, by an attorney's desire for fancier office space or supplies), Cobb has provided affidavits from four local attorneys practicing Social Security law, all of whom maintain that they charge rates ranging from $165 to $500 per hour. (R. 27, Pl.'s Mot., Attachs. 4-7.) One of these attorneys, who has been practicing law since 1973, averred that he knows of no attorney who would represent a social security client in federal court for less than a fully-adjusted for inflation fee under the EAJA. (Id., Attach. 4). Cobb also provided representations from her attorney that he incurred additional expenses in the form of increases to rent (at least 3% annually), employee salaries (ranging from 3-5%), health insurance premiums (100% since 1996), Westlaw fees, and continuing legal education conferences, among other things. (R. 27, Pl.'s Mot. at 8.) Cobb's attorney states that he charged a non-contingency hourly rate of $180 in 1996, whereas today he charges $275—an increase of 52%. (Id.) Finally, he maintains that the increases in rent, health insurance premium costs and salaries are the direct result of inflationary pressures. (Id.) Accordingly, this court is satisfied that the hourly

6

rate requested is no greater than the prevailing market rate compensable under the EAJA. *See Bias*, 2013 WL 615804, at *2 (granting attorney's rate of $181.25 per hour under the EAJA); *Shipley*, 2012 WL 1898867, at *3-4 (granting attorney's rate of up to $175.75 per hour under the EAJA); *Gonzalez v. Astrue*, No. 10 CV 899, 2012 WL 1633937, at *2 (S.D. Ind. May 9, 2012) (granting attorney's rate of up to $180.23 per hour under the EAJA).

## Conclusion

For the foregoing reasons, Cobb's motion for an award of fees and costs under the EAJA is granted. The Commissioner is ordered to pay Cobb's attorney fees under 28 U.S.C. § 2412(d) in the amount of $9,361.01 and costs in the amount of $13.70 directly to her attorney, after the application of any offset for any preexisting debt Cobb owes to the government.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**